

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 18 2005

ROBERT H. SHEMWELL, CLERK
BY_____
   DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 98-60030-07 |
| | CIVIL ACTION NO. 05-0568 |
| VS. | JUDGE DOHERTY |
| CHARLES RAY JOUBERT | MAGISTRATE JUDGE METHVIN |

### REPORT AND RECOMMENDATION ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO §2255
*(Rec. Doc. 652)*

On March 28, 2005, *pro se* petitioner Charles Ray Joubert filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. §2255.[1] The United States filed an answer and memorandum.[2] For the following reasons, **IT IS RECOMMENDED** that Joubert's motion be **DENIED AND DISMISSED WITH PREJUDICE.**

*Factual and Procedural Background*

On September 9, 1998, Joubert was charged along with fifteen co-defendants in a sixteen count indictment. Joubert was charged in Counts 1 and 14 as follows:

Count 1: Count One: Conspiracy to distribute cocaine base, also known as known as crack, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846;

Count 14: Distribution of approximately 19.6 grams of cocaine base and 19/9 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

On August 16, 1999, Joubert pleaded guilty to Count Fourteen.[3] On January 31, 2000,

---

[1] Rec. Doc. 652.

[2] Rec. Doc. 662.

[3] Rec. Doc. 412.

Joubert was sentenced to 195 months' imprisonment.[4] On May 2, 2002, the United States Court of Appeals for the Fifth Circuit affirmed the conviction and sentence.[5] Joubert filed the instant motion on March 28, 2005.

## *Issues Presented*

Joubert raises one ground for relief, that his sentence is illegal under United States v. Booker, 543 U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

## *Scope of §2255 Review*

The scope of relief afforded under §2255 is extremely narrow. It is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992); United States v. Acklen, 47 F.3d 739, 741 (5th Cir.1995). "We apply this rigorous standard in order to ensure that final judgments command respect and that their binding effect does not last only until "the next in a series of endless post-conviction collateral attacks." United States v. Shaid, 937 F.2d 228, 231-232 (5th Cir.1991), *cert. denied*, 112 S.Ct. 978 (1992).

Section 2255 provides four grounds for relief:

---

[4] Rec. Doc. 515.

[5] Rec. Doc. 599. On March 24, 2000, the district judge granted Joubert's motion to file an out-of-time appeal. (Rec. Doc. 546) On August 18, 2001 (issued as mandate September 7, 2001), the United States Court of Appeals for the Fifth Circuit found that the district court was without jurisdiction to grant the motion to file an out-of-time appeal because the order was entered more than 40 days after entry of its judgment. (Rec. Doc. 588) The Fifth Circuit construed the grant of the out-of-time appeal as the grant of a motion under § 2255 based on counsel's failure to file a timely notice of appeal, however, the Fifth Circuit vacated that order and remanded the case to "permit the court an opportunity to dismiss the § 2255 motion without prejudice and to re-enter its sentencing judgment." Joubert's appeal was deferred pending the district court's action. On August 31, 2001, the district judge dismissed the § 2255 without prejudice and re-entered sentencing judgment. (Rec. Doc. 585) On September 20, 2001, Joubert filed a notice of appeal. (Rec. Doc. 589)

1. that the sentence violates the Constitution or other federal law;
2. that the court lacked jurisdiction;
3. that the sentence exceeded the maximum allowed by law; or
4. that the sentence is otherwise "subject to collateral attack."

Title 28 U.S.C. §2255.

*Law and Analysis*

## I. Application is Time-Barred

The government contends that Joubert's claim is time-barred, inasmuch as the § 2255 motion was filed more than one year after the statutory limitations period expired. Title 28 U.S.C. §2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year limitation period for filing §2255 motions. A defendant's conviction becomes final upon the expiration of the time for seeking certiorari in the United States Supreme Court. Clay v. United States, 123 S.Ct. 1072 (2003).

In the instant case, the Fifth Circuit affirmed Joubert's sentence and conviction on May 2, 2002.[6] Joubert did not seek a writ of certiorari with the Supreme Court. Therefore, for purposes of the instant motion, the court concludes that Joubert's conviction became final ninety days after the Fifth Circuit's Judgment, i.e., on August 11, 2002. Thus, Joubert had until August 11, 2003 to file his motion. Because he did not file the motion until March 28, 2005, Joubert's motion is time-barred.

## II. *United States v. Booker* is not retroactive

Joubert's argument that his motion is timely because it was filed within one year of the Supreme Court's decisions in United States v. Booker, 543 U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d

---

[6] Rec. Doc. 599.

621 (2005) is without merit, because the courts have held that Booker does not apply retroactively to cases on collateral review.

Booker was preceded by Apprendi v. New Jersey, 120 S.Ct. 2348, 2362-63 (2000), which held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," as well as Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In Blakely, the United States Supreme Court applied the rule of Apprendi to invalidate a sentencing enhancement imposed pursuant to state law. Specifically, the Blakely court held that the Washington state trial court's sentencing of a defendant for more than three years above the 53-month statutory maximum of the standard range for his offense, on the basis of the sentencing judge's finding that defendant acted with deliberate cruelty, violated the defendant's Sixth Amendment right to trial by jury. 124 S.Ct. at 2537.

In Booker, ---U.S. ----, 125 S.Ct. 738, 749-50, 160 L.Ed.2d 621 (2005), the Supreme Court extended to the federal Sentencing Guidelines the rule announced in Apprendi and Blakely: pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct. at 756, cited in In re Elwood, 408 F.3d 211, 212, 2005 WL 976998, *1 (5th Cir. April 28, 2005). The Booker decision essentially nullified the Fifth Circuit's previous decision in United States v. Pineiro, 377 F.3d 464 (5th Cir. 2004), in which the court had concluded that the Blakely rationale did *not* apply to the federal Sentencing Guidelines.

Nevertheless, despite the extension of the rules of Apprendi and Blakely to the federal sentencing guidelines via Booker, Joubert is not entitled to relief under Booker, because the Supreme Court has not expressly declared that Booker is retroactive to cases on collateral review. See, e.g., Jaffe v. U.S., 2005 WL 589330, *1 (D.Utah 2005), citing Booker, 125 S.Ct. at 769 (expressly extended holding only "to all cases on direct review").

Furthermore, the courts that have recently addressed the issue of retroactivity have unanimously held that Booker is not applicable to cases on collateral review. See, e.g., In re Elwood, — F.3d —, No. 05-30269, 2005 WL 976998, *3 (5th Cir. April 28, 2005) (Booker does not apply retroactively on collateral review for purposes of a successive §2255 motion); In re Olopade, 2005 WL 820550 (3rd Cir. 2005) (Booker is not retroactive to cases on collateral review); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (*per curiam*) ("[W]e conclude that Booker . . . falls squarely under the category of new rules of criminal procedure that do not apply retroactively to §2255 cases on collateral review."); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005) ("Booker may not be applied retroactively to second or successive habeas petitions."); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005) ("[W]e conclude that *Booker*'s rule does not apply retroactively in collateral proceedings...."); Green v. United States, 397 F.3d 101, 103 (2nd Cir. 2005) (*per curiam*) ("[N]either Booker nor Blakely [v. Washington, 542 U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004),] apply retroactively to Green's collateral challenge."); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) ("Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); Gerrish v. United States, 353 F.Supp.2d 95, 96 (D.Me. 2005) ("Booker ... [is] not applicable to cases that were not on direct appeal when [it was] decided.");

United States v. Johnson, 353 F.Supp.2d 656, 658 (E.D.Va. 2005) (finding that Booker does "not apply retroactively on collateral review"); accord Phillips v. Jeter, 2005 WL 465160 (N.D.Tex. Feb. 25, 2005); Carbajal v. Valencia, 2005 WL 415135 (N.D.Tex. Feb. 18, 2005); Thomas v. Jeter, 2005 WL 415896 (N.D.Tex. Feb. 17, 2005); King v. Jeter, 2005 WL 195446 (N.D.Tex. Jan. 27, 2005).

Considering the foregoing, the undersigned is persuaded that Joubert is not entitled to relief under the Supreme Court's decision in Booker.

## *Conclusion*

For the foregoing reasons, the undersigned recommends that Joubert's §2255 motion be **DENIED AND DISMISSED WITH PREJUDICE** as time-barred.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) days from receipt of this Report and Recommendation to file specific, written objections with the Clerk of Court. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996). accepted by the district court, except upon grounds of plain error. See Douglass v. United**

Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on July 15, 2005.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT
DATE 7-18-05
BY OG
TO RED/ms