RECEIVED
JAN 1 0 2006
ROBERT H. SH... CLERK
WESTERN D... OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 98-60030-07 |
| VS. | Civil 05-0568 |
| | JUDGE DOHERTY |
| CHARLES RAY JOUBERT | MAGISTRATE JUDGE METHVIN |

### REPORT AND RECOMMENDATION ON MOTION TO REOPEN FINAL JUDGMENT PURSUANT TO RULE 60(b)(4) & (6)
*(Rec. Doc. 674)*

On December 13, 2005, *pro se* petitioner Charles Ray Joubert filed a Motion to Reopen Final Judgment Filed Pursuant to the Federal Rules of Civil Procedure, Rule 60(b) and (6). For the following reasons, it is recommended that the motion be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. §1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. §2244 to file the instant habeas corpus motion in this district court.

### *Factual and Procedural Background*

On September 9, 1998, Joubert was charged along with fifteen co-defendants in a sixteen count indictment. Joubert was charged in Counts 1 and 14 as follows:

Count 1: Count One: Conspiracy to distribute cocaine base, also known as known as crack, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846;

Count 14: Distribution of approximately 19.6 grams of cocaine base and 19/9 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B)

On August 16, 1999, Joubert pleaded guilty to Count Fourteen.[1] On January 31, 2000,

---
[1] Rec. Doc. 412.

Joubert was sentenced to 195 months' imprisonment.[2] On May 2, 2002, the United States Court of Appeals for the Fifth Circuit affirmed the conviction and sentence.[3]

Joubert filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C § 2255 on March 28, 2005, alleging that his sentence is illegal under United States v. Booker, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[4] That motion was denied and dismissed with prejudice by the district judge on August 15, 2005.[5] Joubert did not file a request for certificate of appealability.

On December 13, 2005, Joubert filed the instant Motion to Reopen Final Judgment Filed Pursuant to the Federal Rules of Civil Procedure, Rule 60(b) and (6), arguing that he is entitled to relief under United States v. Booker, *supra* and that he is "actually innocent" of the uncharged and unproven acts that resulted in his enhanced sentence.

### *Legal Analysis*

Although Joubert's motion is not styled as a motion under § 2255, it must be read as such. Joubert seeks a lesser sentence, alleging that the trial judge illegally increased his sentence

---

[2] Rec. Doc. 515.

[3] Rec. Doc. 599. On March 24, 2000, the district judge granted Joubert's motion to file an out-of-time appeal. (Rec. Doc. 546) On August 18, 2001 (issued as mandate September 7, 2001), the United States Court of Appeals for the Fifth Circuit found that the district court was without jurisdiction to grant the motion to file an out-of-time appeal because the order was entered more than 40 days after entry of its judgment. (Rec. Doc. 588) The Fifth Circuit construed the grant of the out-of-time appeal as the grant of a motion under § 2255 based on counsel's failure to file a timely notice of appeal, however, the Fifth Circuit vacated that order and remanded the case to "permit the court an opportunity to dismiss the § 2255 motion without prejudice and to re-enter its sentencing judgment." Joubert's appeal was deferred pending the district court's action. On August 31, 2001, the district judge dismissed the § 2255 without prejudice and re-entered sentencing judgment. (Rec. Doc. 585) On September 20, 2001, Joubert filed a notice of appeal. (Rec. Doc. 589)

[4] Rec. Doc. 652.

[5] Rec. Doc. 672.

based upon facts which were not presented to the jury during his trial. Joubert is requesting a second review of claims presented in his previously denied §2255 motion. The instant motion is clearly the functional equivalent of a new or continuing collateral attack on his conviction and sentence on constitutional grounds. Accordingly, under controlling Fifth Circuit precedent, the instant motion is properly construed as a second and successive §2255 motion. U.S. v. Rich, 141 F.3d 550 (5th Cir. 1998)(construing a Rule 60(b) motion as a successive § 2255 motion and explaining that, "There is a trend among circuit courts to look beyond the formal title affixed to a motion if the motion is the functional equivalent of a motion under § 2255.").[6]

Moreover, as this is not Joubert's first § 2255 motion, the court is not required to give Joubert notice of its intention to recharacterize the motion. See Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003) (a "court cannot so recharacterize a *pro se* litigant's motion as the litigants's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing."); *see also* United States v. Brown, 132

---

[6] Additionally, it is clear that relief under Rule 60(b) is unavailable to Joubert. Joubert refers to Rule 60(b)(4) and (6) in his motion. Rule 60(b) provides for relief from judgments when: ". . . (4) the judgment is void; . . . or (6) any other reason justifying relief from operation of the judgment." Generally, the burden of establishing at least one of these reasons is on the moving party. *United States v. Harrison County, Mississippi*, 463 F.2d 1328, 1330 (5th Cir.1972). The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court. Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996) (en banc). Joubert has not established that the judgment of conviction and sentence are void, nor has he shown that this court's prior judgment with respect to his first §2255 motion is void. Moreover, relief under Rule 60(b)(6) is warranted only in "exceptional circumstances" and this case simply does not present such circumstances. Heirs of H.P. Guerra v. United States, 207 F.3d 763, 767 (5th Cir. 2000) (citations omitted). Finally, Joubert failed to seek appellate review of this court's adverse decision on his first § 2255. Rule 60(b) motions are not substitutes for timely appeals, and may not be used as a substitute for the ordinary appellate process. See Cureaux v. United States, 124 Fed.Appx. 826, 827 (5th Cir. 2005) *citing* Travelers Ins. Co. v. Liljeberg Enter., Inc., 38 F.3d 1404, 1408 (5th Cir. 1994). Thus, even if this court were to construe the instant motion as a Rule 60(b) motion rather than one under § 2255, Joubert is not entitled to relief.

Fed.Appx. 430 (4th Cir. 2005) (unpublished) (no error in recharacterizing Rule 60(b) motion as a § 2255 motion without giving notice when it is not the petitioner's first § 2255 motion.)

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), once an inmate's motion for relief pursuant to §2255 has been denied, he may not file a second or successive motion without leave of court from the Fifth Circuit Court of Appeal. 28 U.S.C.A. §2244(b)(3)(A). Section 2255 limits such certification to motions involving: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

A subsequent motion to vacate sentence is "second or successive," and thereby subject to restrictions under AEDPA, when it: (1) raises a claim challenging petitioner's conviction or sentence that was or could have been raised in earlier petition, or (2) otherwise constitutes abuse of writ, and a court is proper in dismissing the successive motions for lack of subject matter jurisdiction. United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). A subsequent motion is not second or successive if the original motion was not dismissed on the merits. Stewart v. Martinez-Villareal, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (holding that a claim raised for the first time after the original habeas petition was denied was not second or successive because the first petition was dismissed only for technical procedural reasons, i.e., the claim presented was premature); Slack v. McDaniel, 120 S.Ct. 1595, 146, L.Ed.2d 542 (2000) (holding that claims are not second or successive when raised in a subsequent petition that are filed after the original petition has only been dismissed for failure to exhaust).

Joubert's first § 2255 motion was denied as time-barred. Although a dismissal based upon the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. *See* Villanueva v. United States, 346 F.3d 55, 61 (2nd Cir. 2003); Murray v. Greiner, 394 F.3d 78, 81 (2nd Cir. 2005); Altman v. Benik., 337 F.3d 764, 766 (7th Cir. 2003) ("[A] prior untimely petition ... counts because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."); Guyton v. United States, 23 Fed. Appx. 539, 540 (7th Cir. 2001); Gaines v. Dretke, 2005 WL 1540192 (N.D. TX 2005); Cate v. Ayers, 2001 WL 1729214, at *3-4 (E.D.Cal.2001) ("[t]he law is clear that a dismissal on statute of limitations grounds ... operates as a final judgment on the merits"); United States v. Casas, 2001 WL 1002511, at *2 (N.D.Ill.2001); Reyes v. Vaughn, 276 F.3d 1027, 1029 (C.D.Cal. 2003) (previous dismissal based on the statute of limitations "is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under AEDPA."); Blackmon v. Nash, 2003 WL 133273, *2 (N.D.N.Y. 2003) ("denial of a §2255 motion on the grounds that the motion is untimely constitutes a denial 'on the merits', rendering subsequent §2255 motions 'second or successive' under AEDPA."); United States v. Harris, 2002 WL 31859440, *3 (E.D.Pa. 2002). Hence, the instant petition is second and successive.

Therefore, the undersigned construes the instant motion as a motion for authorization to file a second or successive habeas motion. See, e.g., In re Smith 142 F.3d 832, 833-34 (5th Cir. 1998) (noting that district court, under AEDPA, properly construed a fourth-filed habeas motion

as a request for authorization to file a successive habeas motion and transferred the motion to the Fifth Circuit). As previously noted, Joubert may not file a second or successive §2255 habeas motion without first moving in the court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). See also Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). Accordingly, Joubert's motion should be transferred to the Fifth Circuit for a determination as to whether he should be allowed to file the motion in district court.

Finally, although it is not an issue for this court to decide, the undersigned notes that the Fifth Circuit recently denied a motion for leave to file a successive §2255 motion raising a Booker claim. See In re Elwood, 408 F.3d 211, 212-13 (5th Cir. 2005) (*per curiam*). The Fifth Circuit held that the United States Supreme Court did not make Booker, and, "by logical extension, Blakely," retroactive to cases on collateral review for purposes of a successive motion under §2255. See also Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (*per curiam*) ("[W]e conclude that *Booker* . . . falls squarely under the category of new rules of criminal procedure that do not apply retroactively to §2255 cases on collateral review."); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005) (*"Booker* may not be applied retroactively to second or successive habeas petitions."); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005) ("[W]e conclude that *Booker*'s rule does not apply retroactively in collateral proceedings...."); Green v. United States, 397 F.3d 101, 103 (2nd Cir. 2005) (*per curiam*) ("[N]either *Booker* nor *Blakely* [*v. Washington*, 542 U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004),] apply

retroactively to Green's collateral challenge."); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) ("*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005.").

## *Conclusion*

Therefore, **IT IS RECOMMENDED** that the instant motion be deemed a second or successive §2255 claim and that it be transferred to the Fifth Circuit for a determination of whether Joubert is authorized to file the second or successive motion.[7]

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) days from receipt of this Report and Recommendation to file specific, written objections with the Clerk of Court. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

---

[7] 28 U.S.C. §1631 authorizes a transfer in this case:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

accepted by the district court, except upon grounds of plain error. See **Douglass v. United Services Automobile Association**, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on January 18th, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT
DATE 1-18-06
BY CK
TO MEM
RFD/ms