RECEIVED

APR 2 8 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 98-60030-07 |
| VERSUS | JUDGE DOHERTY |
| CHARLES RAY JOUBERT | MAGISTRATE JUDGE METHVIN |

## JUDGMENT

This matter was referred to United States Magistrate Judge Mildred E. Methvin for her Report and Recommendation. The Report and Recommendation was issued on January 18, 2006. While the Clerk of Court attempted to provide notice to Mr. Joubert, of both the Report and Recommendation and a separate Order in this case, each attempt was returned to the Clerk of Court with notations by the United States Postal Service indicating that they were not deliverable to the address most recently identified by Mr. Joubert for service of notice. In response, this Court issued an Order on March 17, 2006, dismissing Mr. Joubert's petition for failure to comply with Local Rule 11.1, which imposes upon Mr. Joubert an obligation to provide the Clerk of Court with his current mailing address. He apparently is receiving mail once again and has submitted a request that the March 17, 2006 order be vacated. Mr. Joubert's request will be granted and the March 17, 2006 order will be vacated. The Court notes the return address Mr. Joubert used on his most recent correspondence is: BOP #10051-035, Oakdale Satellite Prison Camp, P.O. Box 5010, Oakdale, Louisiana 71463. The Clerk of Court is requested to note the new address on the docket sheet.

This Court has closely reviewed the Report and Recommendation issued by Magistrate Judge

Methvin and finds that it is correct. Therefore, this Court adopts the conclusions set forth therein.[1]

For the foregoing reasons,

IT IS HEREBY ORDERED that the Clerk of Court change the docket sheet to reflect Mr. Joubert's accurate address;

IT IS HEREBY FURTHER ORDERED that the Order issued by this Court on March 18, 2006, shall be and is VACATED; and

IT IS HEREBY FURTHER ORDERED that Mr. Joubert's Motion to Reopen Final Judgment Filed Pursuant to the Federal Rules of Civil Procedure, Rule 60(b) and (6) is construed as a second §2255 motion and is TRANSFERRED to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. §1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. §2244 to file the instant habeas corpus motion in this district court.

Lafayette, Louisiana this _28_ day of April, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT COURT

---

[1] The Court notes that page 5 of the Report and Recommendation concludes that a dismissal based on the statute of limitations is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under AEDPA. Additional support for this conclusion is found in Crone v. Cockrell, 324 F.3d 833 (5th Cir. 2003), wherein petitioner's initial §2254 petition was dismissed as time-barred and the Fifth Circuit concluded that his subsequent petition, raising issues that could have been raised in the first petition, was successive under AEDPA.