RECEIVED

OCT 1 8 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

UNITED STATES OF AMERICA

VS.

CHARLES RAY JOUBERT

CRIMINAL NO. 98-60030-07

JUDGE DOHERTY

MAGISTRATE JUDGE METHVIN

### *REPORT AND RECOMMENDATION ON MOTION*
### *PURSUANT TO RULE 60(b)(4)*
### *(Rec. Doc. 711)*

On September 28, 2007, *pro se* petitioner Charles Ray Joubert filed a Motion Pursuant to

the Federal Rules of Civil Procedure Rule 60(b)(4).   For the following reasons, it is

recommended that the motion be **DENIED**.

### *Factual and Procedural Background*

On September 9, 1998, Joubert was charged along with fifteen co-defendants in a sixteen

count indictment.   Joubert was charged in Counts 1 and 14 as follows:

Count 1:     Count One: Conspiracy to distribute cocaine base, also known as known
             as crack, a Schedule II controlled substance, in violation of 21 U.S.C. §§
             841(a)(1), 841(b)(1)(A) and 846;

Count 14:    Distribution of approximately 19.6 grams of cocaine base and 19/9
             grams of cocaine, in violation of 21 U.S.C. § 841(a)(1),
             841(b)(1)(B)

On August 16, 1999, Joubert pleaded guilty to Count Fourteen.[1]   On January 31, 2000,

Joubert was sentenced to 195 months' imprisonment.[2]   On May 2, 2002, the United States Court

---

[1] Rec. Doc. 412.

[2] Rec. Doc. 515.

2

of Appeals for the Fifth Circuit affirmed the conviction and sentence.[3]

Joubert filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C § 2255 on March 28, 2005, alleging that his sentence is illegal under United States v. Booker, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[4] That motion was denied and dismissed with prejudice by the district judge on August 15, 2005.[5] Joubert did not file a request for certificate of appealability.

On December 13, 2005, Joubert filed a Motion to Reopen Final Judgment Filed Pursuant to the Federal Rules of Civil Procedure, Rule 60(b) and (6), arguing that he was entitled to relief under United States v. Booker, *supra* and that he was "actually innocent" of the uncharged and unproven acts that resulted in his enhanced sentence.[6] On January 18, 2006, the undersigned issued a report recommending that the motion to reopen be deemed a second or successive §2255 claim and that it be transferred to the Fifth Circuit Court of Appeals for a determination of whether Joubert was authorized to file the second or successive motion.[7] On April 28, 2006, the district judge adopted the undersigned's recommendations and entered a judgment transferring

---

[3] Rec. Doc. 599. On March 24, 2000, the district judge granted Joubert's motion to file an out-of-time appeal. (Rec. Doc. 546) On August 18, 2001 (issued as mandate September 7, 2001), the United States Court of Appeals for the Fifth Circuit found that the district court was without jurisdiction to grant the motion to file an out-of-time appeal because the order was entered more than 40 days after entry of its judgment. (Rec. Doc. 588) The Fifth Circuit construed the grant of the out-of-time appeal as the grant of a motion under § 2255 based on counsel's failure to file a timely notice of appeal, however, the Fifth Circuit vacated that order and remanded the case to "permit the court an opportunity to dismiss the § 2255 motion without prejudice and to re-enter its sentencing judgment." Joubert's appeal was deferred pending the district court's action. On August 31, 2001, the district judge dismissed the § 2255 without prejudice and re-entered sentencing judgment. (Rec. Doc. 585) On September 20, 2001, Joubert filed a notice of appeal. (Rec. Doc. 589)

[4] Rec. Doc. 652.

[5] Rec. Doc. 672.

[6] Rec. Doc. 674.

[7] Rec. Doc. 676.

3

the matter to the Fifth Circuit.[8]  On July 17, 2006, the Fifth Circuit denied leave to file a second

or successive § 2255.[9]

On September 28, 2007, Joubert filed the instant motion, seeking to set-aside the

Judgment entered on August 15, 2005, which denied and dismissed Joubert's initial § 2255

motion as time-barred.[10]   Joubert maintains that the August 15, 2005 Judgment is void because

the court erred in finding his claims time-barred.

### *Legal Analysis*

Federal Rules of Civil Procedure Rule 60 provides, in part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence;
Fraud, Etc. On motion and upon such terms as are just, the court may relieve a
party or a party's legal representative from a final judgment, order, or proceeding
for the following reasons: (1) mistake, inadvertence, surprise, or excusable
neglect; (2) newly discovered evidence which by due diligence could not have
been discovered in time to move for a new trial under Rule 59(b); (3) fraud
(whether heretofore denominated intrinsic or extrinsic), misrepresentation, or
other misconduct of an adverse party; (4) the judgment is void; (5) the judgment
has been satisfied, released, or discharged, or a prior judgment upon which it is
based has been reversed or otherwise vacated, or it is no longer equitable that the
judgment should have prospective application; or (6) any other reason justifying
relief from the operation of the judgment. The motion shall be made within a
reasonable time, and for reasons (1), (2), and (3) not more than one year after the
judgment, order, or proceeding was entered or taken.

Relief under Rule 60(b)(4) is appropriate only if the district court lacked jurisdiction or

"the district court acted in a manner so inconsistent with due process as to render the judgment

void." Callon Petroleum Co. v. Frontier Ins. Co., 351 F.3d 204, 210 (5th Cir. 2003).  Additionally,

relief under Rule 60(b) is considered an extraordinary remedy, however, the rule should be

---

[8] Rec. Doc. 697.

[9] Rec. Doc. 699.

[10] Rec. Doc. 672 and 711.

4

construed to do substantial justice. Carter v. Fenner, 136 F.3d 1000, 1007 (5th Cir. 1998), citing

Greater Baton Rouge Golf Ass'n v. Recreation & Park Comm'n., 507 F.2d 227, 228-29 (5th

Cir.1975).

"[A] Rule 60(b) appeal may not be used as a substitute for the ordinary process of

appeal...." Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002), citing Matter of Ta Chi

Navigation (Panama) Corp. S.A., 728 F.2d 699, 703 (5th Cir.1984) and Wright and Miller,

Federal Practice and Procedure, § 2264 at 360-61.

Joubert argues that the August 15, 2005 Judgment is void because the court erred in

finding his claims time-barred.[11] Joubert did not file for a certificate of appealability or otherwise

appeal the Judgment. Instead, Joubert waited over two years to file a Rule 60(b)(4) motion

asserting that the Judgment was erroneous. Joubert does not explain his failure to appeal, nor

does he address the reason for his delay in asserting that the Judgment was void. Moreover,

Joubert's Rule 60(b)(4) motion is clearly aimed at presenting issues which should have been

presented in a timely fashion to the appellate court after the Judgment was entered.

Additionally, Joubert fails to show that the Judgment was rendered void because the

district court acted inconsistent with due process. Joubert does not raise any due process

arguments, nor can the undersigned discern any from the record. Joubert filed a § 2255 motion,

it was ruled on, and he did not file for a certificate of appealability. The proceedings accorded

Joubert with due process.

More importantly, Joubert's basis for attacking the Judgment, i.e., that his § 2255 motion

---

[11] Unlike Joubert's previous Rule 60 motion, he does not address the merits of his claims, assert that he is innocent, or otherwise request a lesser sentence. Thus, this motion is not deemed a successive § 2255 motion. U.S. v. Rich, 141 F.3d 550 (5th Cir. 1998).

5

was timely filed and that <u>Booker</u> tolls the limitation period because it can be applied

retroactively, has already been considered by the court. In the Report and Recommendation

issued on July 18, 2005, the undersigned concluded:

> In the instant case, the Fifth Circuit affirmed Joubert's sentence and conviction on
> May 2, 2002.[12]  Joubert did not seek a writ of certiorari with the Supreme Court.
> Therefore, for purposes of the instant motion, the court concludes that Joubert's
> conviction became final ninety days after the Fifth Circuit's Judgment, i.e., on
> August 11, 2002. Thus, Joubert had until August 11, 2003 to file his motion.
> Because he did not file the motion until March 28, 2005, Joubert's motion is time-
> barred.

> \*\*\*

> Joubert's argument that his motion is timely because it was filed within one year
> of the Supreme Court's decisions in <u>United States v. Booker</u>, 543 U.S. ----, 125
> S.Ct. 738, 160 L.Ed.2d 621 (2005) is without merit, because the courts have held
> that <u>Booker</u> does not apply retroactively to cases on collateral review.[13]

Although Joubert states that <u>Booker</u> can be applied retroactively, the cases Joubert cites

pre-date <u>Booker</u>. The law of this circuit is clear that <u>Booker</u> is not applied retroactively to cases

on collateral review – "[W]e join the several courts of appeals that have held that Booker does

not apply retroactively to initial § 2255 motions." <u>U.S. v. Gentry</u>, 432 F.3d 600, 605 (5th Cir.

2005). The August 15, 2005 Judgment was in accordance with applicable the law. Thus,

Joubert's Rule 60(b)(4) motion is meritless.

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Joubert's  Motion Pursuant to

the Federal Rules of Civil Procedure Rule 60(b)(4) be **DENIED**.

---

[12] Rec. Doc. 599.

[13] Rec. Doc. 668.

6

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) days from receipt of this Report and Recommendation to file specific, written objections with the Clerk of Court.  Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).** accepted by the district court, except upon grounds of plain error.  See **Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana on ___October  18___, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT:
DATE: 10/18/07
BY: CW
TO: mem